```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

JONI MARIE JOHNSON

                    Plaintiff,        1:17-cv-00684-MAT
          -v-                         DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                    Defendant.
_____
```

# INTRODUCTION

Joni Marie Johnson ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

# PROCEDURAL BACKGROUND

On April 17, 2013, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of March 31, 2010, due to spinal stenosis and an enlarged liver and spleen. Administrative Transcript ("T.") 199-203. The claims were initially denied on September 4, 2013. T. 120-26. At Plaintiff's request, a hearing was

conducted on December 3, 2015, in Buffalo, New York by administrative law judge ("ALJ") Robert T. Harvey, with Plaintiff appearing with her attorney. A vocational expert ("VE") also testified. T. 61-93. The ALJ issued an unfavorable decision on February 10, 2016. T. 17-31. Plaintiff appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on May 23, 2017, making the ALJ's decision the final determination of the Commissioner. T. 1-6. This action followed.

**THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2010. T. 22.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 31, 2010, the alleged onset date. *Id*.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: discogenic disease of the lumbar spine; lumbar radiculopathy; and alcohol abuse. *Id*.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 26.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations: can lift and carry twenty pounds occasionally and ten pounds frequently; can sit two hours and stand or walk six hours during an eight-hour workday; has occasional limitations in her abilities to bend, climb, stoop, squat, kneel, and crawl; has occasional limitations in pushing and pulling with the upper extremities; has occasional limitations in the ability to understand, remember, and carry out detailed instructions; has occasional limitations in the ability to maintain attention and concentration, resulting in the ability to perform unskilled, simple, routine, and repetitive one-or-two-step tasks; has occasional limitations in the ability to respond to changes in the work setting; has occasional limitations in the ability to deal with stress; has occasional limitations in the ability to make decisions; and cannot work in areas where she would be exposed to cold or dampness. T. 24.

At step four, the ALJ concluded that Plaintiff had no past relevant work. T. 29. At step five, the ALJ relied on the VE's testimony to find that there are unskilled jobs existing in the national economy Plaintiff is able to perform, including the representative occupations of housekeeping cleaner, and agricultural produce sorter. T. 30. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id.*

3

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ ignored the medical statement of Dr. Anil Tripathy and instead, interpreted the raw medical data of record

and substituted his own opinion; (2) the ALJ speculated that Dr. Tripathy's assessment may have been a general medical analysis rather than a functional assessment and improperly applied this speculation to discount the relevance of Dr. Tripathy's opinion; and (3) the ALJ's RFC determination, particularly regarding mental functioning, was not based on any medical opinion and therefore is not based on substantial evidence. For the reasons discussed below, the Court finds Plaintiff's arguments without merit and affirms the Commissioner's final determination.

I. **Evaluation of the Opinion of Dr. Anil Tripathy**

Dr. Anil Tripathy completed a questionnaire for the New York State Office of Temporary and Disability Assistance Division of Disability Determinations on July 14, 2013. T. 336-42. Dr. Tripathy indicated he began treating Plaintiff on January 18, 2013 and her last examination prior to completing the questionnaire was on February 21, 2013. T. 336. Dr. Tripathy noted Plaintiff's frequency of treatment was twice a month; however, the record contains only two treatment notes from Dr. Tripathy's office, dated June 17, 2013 and July 10, 2013. *See* T. 324-35. Dr. Tripathy noted that Plaintiff reported her daily activities included socializing, cooking, laundry, driving, and showering. Plaintiff also reported her pain kept her from taking care of her children and that she was unable to take her children outside. T. 340. Dr. Tripathy opined Plaintiff would be limited to occasionally lifting and carrying ten pounds during a workday and frequently lifting and carrying five pounds.

5

T. 341. He further opined Plaintiff was able to stand or walk for up to six hours per day and sit for up to six hours per day. *Id*. He opined Plaintiff had no postural, manipulative, visual, communicative, or environmental limitations, and omitted any pushing or pulling limitations. T. 342.

In a treating source statement dated August 2, 2013, Dr. Tripathy reported Plaintiff's 2012 MRI imaging was compatible with L4-L5 bilateral foraminal stenosis and L5-S1 spinal stenosis with central disc herniation. He opined these findings "will and may make [it] difficult to bend her back and pain on [continuous] standing, and difficult to [continuously] sit and stand and push and pull." T. 343.

In his decision, the ALJ found that the degree of restriction suggested by Dr. Tripathy (specifically, the limitation of lifting and carrying five pounds frequently and ten pounds occasionally), was not supported by the relatively modest objective imaging studies and clinical findings in the substantial evidence of record. T. 26. Furthermore, the ALJ found the August 2, 2013, source statement appeared to be more of a general description of potential or eventual symptoms expected in a person with discogenic disease, rather than a "function-by-function assessment of the [Plaintiff's] actual functioning at the time." *Id*. Based on these findings, the ALJ gave little weight to Dr. Tripathy's report. *Id*.

6

### A. The ALJ Properly Compared Medical Data to Dr. Tripathy's Statement

Plaintiff's first argument is that the ALJ ignored Dr. Tripathy's medical opinion and instead took it upon himself to interpret the raw medical data of record to reach his own medical conclusion. For the reasons set forth below, the Court finds this argument lacks merit.

The ultimate finding of whether a claimant is disabled and cannot work is "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(1). When making that ultimate finding, several factors are considered, including the medical data supporting the opinion evidence. "The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory finding, the more weight [the Commissioner] will give that medical opinion." *Id.* 404.1527(c)(3). In practice, "[this] means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability." *Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir. 1999).

Under the Commissioner's regulations applicable to claims filed before March 27, 2017, in assessing the opinion of a treating physician such as Dr. Tripathy, the ALJ is expressly instructed to consider whether the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques" and is consistent "with the other substantial evidence" of record. 20 C.F.R.

7

§ 404.1527(c)(2). Accordingly, an ALJ must "compare [the treating physician's] opinion to the medical evidence of record and . . . assess [its] consistency therewith." *Tobey v. Comm'r of Soc. Sec.*, No. 1:16-CV-00937 (MAT), 2018 WL 3454686, at *4 (W.D.N.Y. July 18, 2018).

In this case, the ALJ appropriately considered whether Dr. Tripathy's opinion was consistent with the medical evidence of record. Contrary to Plaintiff's argument, the ALJ's consideration of the objective medical evidence, including the results of Plaintiff's MRIs, was a necessary aspect of this analysis. As the ALJ noted in his decision, Plaintiff's 2012 MRI showed only mild bilateral foraminal narrowing at the L4-L5 level and spinal stenosis secondary to a central disc herniation, with bilateral foraminal narrowing at the L5-S1 level (T. 25 referring to T. 279), which was inconsistent with the more severe limitations identified by Dr. Tripathy. Furthermore, a follow-up MRI performed on January 9, 2015, revealed unchanged small to moderate central L5-S1 disc herniation, unchanged bilateral Lf-S1 neural foramen stenosis, and unchanged bulging of the L4-L5 annulus fibrosis. T. 25 referring to T. 380. The ALJ's conclusion that these objective medical findings were inconsistent with and failed to support Dr. Tripathy's assessment of Plaintiff's limitations was appropriate, and does not amount to an improper reliance on his own lay opinion. To the contrary, and as discussed below, in making his

RFC assessment, the ALJ relied on substantial evidence, including the medical opinions of record.

> **B. The ALJ Properly Considered Whether Dr. Tripathy's Statement Was a General Medical Analysis or a Functional Assessment**

Plaintiff's second argument is that the ALJ was apparently unclear as to the meaning of Dr. Tripathy's August 2, 2013 medical source statement and thus erred when he failed to recontact Dr. Tripathy for clarification. For the reasons discussed below, the Court disagrees.

An ALJ is under no obligation to recontact a treating physician where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history. *Rusin v. Berryhill*, 726 F. App'x 837, 839-40 (2d Cir. 2018) (citing *Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir. 1999). In this case, in addition to the questionnaire Dr. Tripathy completed and the source statement he provided, the ALJ had before him treatment records from: neurologist Dr. Malti Patel (T. 282-87); nurse practitioner Veronica V. Mason, MSN-FNP-C (T. 300-23, 389-464); family nurse practitioner Kathy Kurtz, F.N.P. (T. 291-96); Plaintiff's primary care office, WNY Medical, PC (T. 324-35); and University at Buffalo Neurosurgery (T. 366-87). Additionally, the record contained the consultative examination records from Dr. Renee Baskin (T. 346-50) and Dr. John Schwab (T. 351-54). There is no indication that any additional medical records were missing or necessary for an evaluation of Plaintiff's impairments.

In his decision, the ALJ methodically noted and evaluated all of the above medical records, which spanned from 2008 until 2015. Based on his review and evaluation of these records, he permissibly found the degree of restriction suggested by Dr. Tripathy was not supported by the substantial evidence of record, including objective imaging studies, clinical findings, and Dr. Tripathy's own office. T. 26. The Court finds this reasoning is well within the ALJ's discretion and well-supported by the evidence of record. *See, e.g., Gonzalez v. Halter*, 212 F. Supp. 2d 137, 140 (W.D.N.Y. 2002) (ALJ's decision to discount the opinion of treating physician was supported by an MRI indicating only a mild disc bulge, an x-ray revealing only minimal degenerative changes, and several medical opinions of consulting physicians).

Plaintiff also makes the speculative argument that if the ALJ was in fact unclear as to whether Dr. Tripathy was making a general medical analysis or a functional assessment of Plaintiff's abilities, then a gap exists in the record. The Court finds this argument without merit. As discussed in detail above, the Court finds the ALJ's evaluation of Dr. Tripathy's statement was proper and supported by substantial evidence. The record contains ample evidence the ALJ was able to consider in making his disability determination, including the functional limitation opinion Dr. Tripathy provided in the July 14, 2013 questionnaire. *See* T. 336-42. The ambiguity in Dr. Tripathy's August 2, 2013 source statement does not create a gap in the record. *See Monroe v.*

*Commissioner of Social Security*, 676 F. App'x 5, 8-9 (2d Cir. 2017) (ALJ did not need to seek out a treating source statement where the ALJ considered numerous treatment notes); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (remand was inappropriate where the medical record was sufficient for the ALJ to assess the petitioner's RFC, even without a medical opinion from a treating physician). Accordingly, the Court finds no error in the ALJ's evaluation of Dr. Tripathy's opinions.

**II. The ALJ's RFC Finding was Based on Substantial Evidence**

Plaintiff's final argument is that the mental functioning portion of the RFC finding has no medical basis and therefore is unsupported by substantial evidence. For the reasons set forth below, the Court finds this argument lacks merit.

On August 20, 2013, Plaintiff received a psychiatric evaluation from Renee Baskin, Ph.D. T. 346-50. In the background information, Dr. Baskin reported Plaintiff drove herself to the evaluation. Plaintiff lived with her five youngest children while her two oldest children lived with Plaintiff's sister. T.346. Plaintiff completed her GED and attended some college. *Id*. Her last employment was for one day at Burger King as a cashier, which she left because her "back hurt too bad to be standing and bending for eight-hour shifts." *Id*. Dr. Baskin noted Plaintiff had a history of very short-term, unskilled labor. *Id*. Plaintiff reported she has difficulty falling asleep and frequent wakening, which she attributes to her pain and anxiety. T. 347. Dr. Baskin noted

11

Plaintiff's depressive symptomology was remarkable for dysphoric moods, fatigue/loss of energy, irritability, and social withdrawal. *Id*. Plaintiff reported "mood swings due to back pain." Dr. Baskin noted Plaintiff's cognitive symptomology was remarkable for some concentration difficulties. *Id*.

Plaintiff denied any history of alcohol abuse; however, she reported a history of binge drinking and Dr. Baskin noted Plaintiff's symptoms of irritability and fatigue/loss of energy may be due to alcohol dependence. T. 347. Upon examination, Plaintiff was responsive and cooperative. Her manner of relating, social skills and overall presentation were adequate. *Id*. Plaintiff's thought processes were coherent and goal-directed with no evidence of hallucinations, delusions or paranoia. T. 348. Plaintiff's attention and concentration were mildly impaired due to limited intellectual functioning. Plaintiff was able to do counting and simple calculations; however, she was unable to do serial threes successfully. *Id*. Plaintiff's recent and remote memory skills were relatively intact. She recalled three out of three objects immediately, and three out of three objects after five minutes. Plaintiff was able to do seven digits forward and three digits backwards. *Id*.

Plaintiff reported she was capable of doing all activities of daily living, but had significant limitations due to her back pain. Plaintiff reported she received help from her children. She was able to dress, bathe, and groom herself daily and manage her money.

12

She socialized exclusively on social media and spent her time watching TV or listening to the radio. T. 348-49.

Dr. Baskin opined Plaintiff had minimal to no limitations in her ability to follow and understand simple directions and instructions, and perform simple tasks independently. T. 349. Plaintiff had moderate limitations in her ability to maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, relate adequately with others, and appropriately deal with stress. *Id*. Dr. Baskin further opined that the results of the examination appeared to be consistent with psychiatric problems and those problems may interfere to some degree with Plaintiff's ability to function on a daily basis. Finally, Dr. Baskin opined, Plaintiff also appeared to be compromised by a lack of involvement in any type of consistent outpatient counseling. *Id*.

In his decision, the ALJ repeated Dr. Baskin's assessment of Plaintiff's limitations, finding it was consistent with the overall record in recognizing Plaintiff has some difficulty with maintaining attention and concentration, and with appropriately dealing with stress. T. 27. However, the ALJ further found that Dr. Baskin's assessment regarding Plaintiff's social functioning suggested a higher degree of restriction than is established by the medical evidence. Accordingly, the ALJ gave Dr. Baskin's opinion only some weight. *Id*. The ALJ's RFC finding includes the following limitations associated with Plaintiff's mental impairments:

13

occasional limitations in the ability to understand, remember, and carry out detailed instructions; occasional limitations in the ability to maintain attention and concentration, resulting in the ability to perform unskilled, simple, routine, and repetitive one-or-two step tasks; occasional limitation in the ability to respond to change in the work setting; occasional limitation in the ability to deal with stress; and occasional limitation in the ability to make decisions. T. 24.

Plaintiff's argument that the ALJ created the RFC finding without any basis in medical opinion and dismissed all opinions regarding Plaintiff's mental functioning is without merit. As a threshold matter, an ALJ assessing a disability claim is required to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). The ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources." *Id.*; *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999) ("the ALJ's RFC finding need not track any one medical opinion"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), report and recommendation adopted, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion."). An ALJ is also permitted to discount portions of a consultative examiner's opinion were they are not supported by the medical evidence of record. *See Christina v.*

14

*Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) (ALJ did not commit reversible error "by dismissing a portion of the opinion of [the] consultative examiner").

The ALJ's RFC finding in this case closely follows the medical opinion provided by Dr. Baskin. Specifically, both Dr. Baskin's opinion and the ALJ's RFC finding account for Plaintiff's ability to perform simple tasks and understand simple instructions, as well as Plaintiff's limited ability to maintain attention and concentration, appropriately deal with stress, and make appropriate decisions. *Compare* T. 24 *with* T. 349. Contrary to Plaintiff's argument, the ALJ included significant mental limitations in the RFC finding, including limiting Plaintiff to simple, routine tasks – a limitation which accounts for Dr. Baskin's findings regarding Plaintiff's difficulties in maintaining attention and concentration, performing complex tasks, and learning new tasks. *See, e.g., Diakogiannis v. Astrue*, 975 F. Supp. 2d 299, 315 (W.D.N.Y. 2013); *Martinez v. Comm'r of Soc. Sec.*, No. 3:16-CV-0908, 2017 WL 2633532, at *7 (N.D.N.Y. June 15, 2017). The ALJ also expressly incorporated limitations in dealing with stress and making decisions into the RFC (*see* T. 24), contrary to Plaintiff's claim that the ALJ "did not incorporate [these limitations] into the RFC finding in any meaningful way" (Dkt. 8-1 at 18).

As to those portions of Dr. Baskin's opinion the ALJ did not fully credit, the ALJ appropriately explained his reasoning, which was well-supported by the evidence of record. Accordingly, the

15

Court finds that the ALJ's assessment of Plaintiff's mental limitations was consistent with the evidence of record and supported by substantial evidence. The Court accordingly finds that remand is not warranted on this basis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 8) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 10) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:  September 21, 2018
        Rochester, New York